## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DWAYNE B. CARR, #24104320**                    **CIVIL ACTION**

**VERSUS**                                        **NO. 24-2940**
                                                  **C/W NO. 24-2941**

**JANAE MCCALLISTER**                             **SECTION: "T"(3)**

### REPORT AND RECOMMENDATION

Plaintiff, Dwayne B. Carr, a pretrial detainee in Shelby County Jail in Memphis, Tennessee, filed these *pro se* civil actions under 42 U.S.C. § 1983 against Janae McCallister. For the reasons below, it is recommended that the actions be dismissed with prejudice.

"There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). Section 1915(e)(2) thus directs that courts "**shall dismiss** [an *in forma pauperis* plaintiff's] case **at any time**" if the plaintiff's complaint fails to state a claim upon which relief may be granted or is determined to be frivolous. 28 U.S.C. 1915(e)(2) (emphasis added). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). This standard, "when applied to a complaint, embraces not only the inarguable legal conclusion, but also

the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[1] A complaint fails to state a claim upon which relief may be granted when it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A screening of plaintiff's complaints confirms that they are frivolous, malicious, and fail to state a claim on which relief may be granted for three overlapping reasons. First, plaintiff's complaints in this district are duplicative. Plaintiff has a pending lawsuit against McCallister in the U.S. District Court for the Western District of Tennessee, which was filed before either of the above-captioned cases.[2] The Tennessee case alleges that McCallister has access to "illegal recording spying camera footages" of him "in New Orleans since 2022."[3] Similarly, in Case Nos. 24-2940 and 2941, plaintiff claims that McCallister has "illegal recording spying camera" footage from the school at which she worked as well as from plaintiff's former apartment complex.[4] "[I]t is malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (internal quotation marks omitted).

---

[1] *Nietzke* discusses a prior version of Section 1915 in which the analogous dismissal provisions were located at 28 U.S.C. § 1915(d).
[2] *Carr v. McCallister, et al.*, No. 24-2831-SHM-tmp.
[3] *Id.* at R. Doc. 1 at 2.
[4] Case No. 24-2940, R. Doc. 1 at 6; Case No. 24-2941, R. Doc. 1 at 4.

Second, plaintiff's claims against McCallister are frivolous. A claim is frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). This category of baseless claims encompasses fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). The allegation in Case No. 24-2940 that plaintiff's activities in jail were recorded by a "spying camera" and that McCallister had "illegal access" to those recordings and "leaked" them on social media is fanciful and delusional. *See* Doc. 1 at 6. Similarly, the allegation in Case No. 2402941 that McCallister has "spying camera[s]" at a school where she was previously employed and at an apartment complex are frivolous. *See also Head v. District Court No. 182*, No. H-19-5004, 2020 WL 880804, at *2 (S.D. Tex. Feb. 21, 2020) ("Moreover, plaintiff's claims that these entities recorded his activities in jail and in a hospital and made the recordings available to the public online are factually frivolous as fanciful and delusional."). Dismissal on this basis is appropriate.

Third, even construing his allegations liberally,[5] plaintiff fails to state a claim on which relief may be granted. The complaint fails to "plead enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litiga*tion, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted).Plaintiff filed these actions under 42 U.S.C. § 1983. "To state a claim under

---

[5] The Court must liberally construe a pro se civil rights complaint. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

§ 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Construing the facts in the light most favorable to plaintiff, he alleges that Janae McCallister was employed as a school administrator sometime in the past.[6] Even assuming, however, that McCallister was once employed at a public school, there is no plausible allegation that she acted under color of state law. A public school employee's conduct is considered to be under color of state law only when "a 'real nexus' exists between the activity out of which the violation occur[ed] and the [employee's] duties and obligations as a[n] [employee]." *Doe v. Taylor Indep. Sch. Distr.*, 15 F.3d 443, 452 n. 4 (5th Cir. 1994) (citation omitted). The "acts of a state officer committed solely in furtherance of his own personal pursuits are not acts under color of state law." *Hackett v. Fulton County Sch. Dist.*, 238 F. Supp. 2d 1330, 1355 (N.D. Ga. 2022) (citations omitted). Plaintiff does not allege in his complaints that McCallister was acting in her official capacity as a school employee when she allegedly spied on him. Although the Court must "treat *pro se* pleadings more liberally, some facts must be alleged that convince [the court] that the plaintiff has a colorable claim." *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988). Plaintiff alleges no such facts. Thus, the claims against McCallister in both cases should be dismissed with prejudice for failure to state a claim.

---

[6] Case No. 24-2940, R. Doc. 1 at 5; Case No. 24-2941, R. Doc 1 at 4.

4

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's § 1983 complaints against Janae McCallister filed in these consolidated cases claims be **DISMISSED WITH PREJUDICE** as malicious, frivolous and/or for failure to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 10th day of January, 2025.

EVA J. DOSSIER
**UNITED STATES MAGISTRATE JUDGE**